# IN THE SUPREME COURT OF IOWA

No. 14–0792

Filed May 25, 2017

**STATE OF IOWA,**

Appellee,

vs.

**TAEVON DAVONTE WASHINGTON,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

The State of Iowa seeks further review of a court of appeals decision on discretionary review reversing the district court's denial of Taevon Washington's motion to dismiss. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AND CASE REMANDED FOR FURTHER PROCEEDINGS.**

Ryan P. Tang of Law Office of Ryan P. Tang, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Kevin Cmelik, and Alexandra Link (until withdrawal), Assistant Attorneys General, and Brian J. Williams and Tom Ferguson (until withdrawal), County

Attorneys, and Linda M. Fangman (until withdrawal), Assistant County Attorney, for appellee.

Alan R. Ostergren, Muscatine, for amicus curiae, Iowa County Attorneys Association.

**CADY, Chief Justice.**

In this case, we consider whether the speedy indictment rule requires the dismissal of a trial information against a defendant filed more than forty-five days after the defendant was taken into custody, interrogated, and released without the filing of a criminal complaint. The district court held the rule did not require the charges to be dismissed. The court of appeals, ruling on case precedent, reversed the district court. On further review, we vacate the court of appeals and affirm the district court. We conclude the speedy indictment rule is properly interpreted to commence upon arrest only when the arrest is completed by making an initial appearance.

This case arises out of the same facts and presents the same issues addressed in a companion case also decided today, *State v. Williams*, ___ N.W.2d ___ (Iowa 2017).

On November 1, 2013, a Black Hawk County attorney filed a trial information accusing Deantay Williams, Taevon Washington, Cordarrel Smith, and a fourth male with sexual abuse in the second-degree under Iowa Code section 709.3(3) (2011). The fourth male pled guilty. Williams, Washington, and Smith filed a motion to dismiss for violation of their speedy indictment rights. The district court held a hearing and denied the motions. The district court drew a distinction between an arrest under the Fourth and Fourteenth Amendments and an arrest under our speedy indictment rule. Williams, Washington, and Smith filed for discretionary review. In the meantime, the State filed amended charges against Williams, Washington, and Smith. We granted the requests for discretionary review, stayed the proceedings before the district court, and transferred the cases to the court of appeals. The court of appeals reversed the district court decision, found Washington's

rights were violated under the speedy indictment rule, and remanded the case for dismissal of the November 1, 2013 trial information. The court of appeals relied on case precedent interpreting the speedy indictment rule to find the time to file an indictment commenced on June 10, 2012, when Washington reasonably believed he had been arrested. We granted further review.

Based on the reasoning in *Williams*, ___ N.W.2d ___, we vacate the court of appeals decision and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AND CASE REMANDED FOR FURTHER PROCEEDINGS.**

Waterman, Mansfield, and Zager, JJ., join this opinion. Wiggins, J., files a dissenting opinion. Hecht, J., files a separate dissenting opinion in which Appel and Wiggins, JJ., join.

This opinion shall not be published.

**WIGGINS, Justice (dissenting).**

I join Justice Hecht's dissent and dissent for the reasons explained in my dissent filed today in *State v. Williams*, ___ N.W.2d ___ (Iowa 2017).

**HECHT, Justice (dissenting).**

I respectfully dissent for the reasons explained in my dissent filed today in *State v. Williams*, ___ N.W.2d ___ (Iowa 2017).

Wiggins and Appel, JJ., join this dissent.